IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                                 

| | | |
|---|---|---|
| William S. Duffett, Jr. | : | Case No.18-24794CMB |
| | : | Chapter 13 |
| Debtor(s) | : | |
| Citizens Bank of Pennsylvania | : | |
| | : | Related to Document #55 |
| Movant(s) | : | |
| | : | Hearing Date 7/2/2019 |
| vs. | : | |
| William S. Duffett, Jr. | : | |
| Respondent(s) | | |

**TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY BY THE SECURED CREDITOR CITIZENS BANK OF PENNSYLVANIA**

Ronda J. Winnecour, Chapter 13 Trustee, by her undersigned counsel, respectfully represents the following:

1.    This case was filed on December 14, 2018.

2.    Ronda J. Winnecour is the Chapter 13 Standing Trustee in this case.

3.    Citizens Bank of Pennsylvania holds the first mortgage on property located at 410 Farmcrest Drive, Oakdale PA 15071. Movant mis-describes the address of the real property.

4.    Movant references a "Section III of the Debtor's Disclosure Statement filed by the debtor" as Exhibit A.  The Trustee is without knowledge of what a "Section III of the Debtor's Disclosure Statement filed by the debtor" is, and that is certainly not the document that is attached as Exhibit it A. Exhibit A is a copy of the promissory note.

5.    Further, the note attached as Exhibit A fails to substantiate movant's assertion of the fair market value. In fact, the opposite is true. The note provides evidentiary support of a value of the real property of at least $146,000.00, i.e., the sum being financed. It does not provide evidentiary support for a value of only $86,100.00.

6.      Movant seems to draw a value of $86,100.00 out of the air. The property is tax assessed at a value of $155,800.00. Zillow, a popular online valuation tool, indicates the property is worth $252,705.00.

7.      The note appears to have been executed on March 26, 2004, not June 26, 2004. In fact, the mortgage securing the note was recorded on April 19, 2004 – well before June 26, 2004.

8.      Paragraph 8 is non-sensical, and therefore the Trustee is unable to properly respond.  Movant is the original lender. After a review of the county records, the Trustee was unable to identify any transfer of the note and/or mortgage to or from Movant.

9.      The Trustee does not dispute that the recording of the mortgage appears to have been proper.

10.     Movant avers that certain sums are due and owing under the mortgage. The Trustee denies that all of such sums are due. The Trustee is unaware of any notice of post-petition fee cost and charge pending. If such a notice is not filed within six months, such sums are deemed waived.

11.     The Trustee disputes movant's itemization of sums due to cure the default. The sums asserted do not correlate to the claim filed, and no notice of post-petition fee, cost and charge appears of record.

12.     The Trustee was unable to find any of the mortgages and liens that Movant claims exist in this case.

13.     After reasonable investigation into the county record, the Trustee was unable to find a mortgage in favor of Household Realty corp.

14.     After reasonable investigation into the county record, the Trustee was unable to find a judgment in favor of the Internal Revenue Service.

15.    After reasonable investigation into the county record, the Trustee was unable to find a judgment in favor of Erie Water Works.

16.    After reasonable investigation into the county record, the Trustee was unable to find Consumer Fresh Produce.

17.    After reasonable investigation into the county record, the Trustee was unable to find a judgment in favor of J. E. Corcoran Company.

18.    In fact, the only judgments the Trustee was able to find are a Pennsylvania tax lien in the amount of $1,086.00 and a judgment in favor of Discover Bank in the sum of $14,970.00. Several smaller real estate tax liens have also been filed.

19.    Movant's assertion that the lien values exceed the property value is simply unsupported by the facts and by the record.

20.    Even more troubling, the Trustee could find no evidence that a foreclosure proceeding had ever been filed against this debtor – at least not by movant in Allegheny County Pennsylvania.

21.    Movant asserts that debtor has not tendered payment in over a two-year period. This assertion is simply not supported by the proof of claim nor the Trustee's records. The proof of claim evidences only about a ten-month default. In addition, the Trustee has begun disbursing payments under the plan.

22.    Movant's pleading has no merit and is replete with errors which the Trustee has expended substantial resources verifying and refuting.

23.    Movant's request for relief should be denied, and counsel for Movant should be made to personally appear to account for defend the pleading and the prayer for relief in this case.

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE


Date:  06/25/19                    by      /s/ Jana S. Pail
                                   Jana S. Pail - PA I.D. #88910
                                   Attorney for Trustee
                                   US Steel Tower – Suite 3250
                                   600 Grant St.
                                   Pittsburgh, PA  15219
                                   (412) 471-5566
                                   jpail@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| William S. Duffett, Jr. | : | Case No.18-24794CMB |
| | : | Chapter 13 |
| Debtor(s) | : | |
| Citizens Bank of Pennsylvania | : | |
| | : | Related to Document #55 |
| Movant(s) | : | |
| | : | Hearing Date 7/2/2019 |
| vs. | : | |
| William S. Duffett, Jr. | : | |
| Respondent(s) | | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th of June 2019, I served one true and correct copy of the foregoing document on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Joseph S. Sisca, Esquire
Assistant U.S. Trustee
Suite 970, Liberty Center
1001 Liberty Avenue
Pittsburgh PA.  15222

William S. Duffett, Jr
410 Farmcrest Drive
Oakdale PA 15071

Lauren Lamb, Esquire
Steidl & Steinberg
707 Grant Street
28th Floor- Gulf Tower
Pittsburgh PA 15219

_/s/Dianne DeFoor_____
Office of Chapter 13 Trustee
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com